1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 11/3/08**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),

                    Plaintiff,

          v.

MILLENIUM ELECTRONICS, INC., a California corporation,

                    Defendant.

Case No. C 07-05795 JF (HRL)

ORDER[1] GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

[re: docket no.  50, 51]

        Plaintiff Everflow Technology Corp. ("Everflow") seeks leave to file a first amended complaint.  The motion is opposed by Defendant Millenium Electronics, Inc. ("MEI").  The Court has considered the moving and responding papers as well as the oral arguments presented at the hearing on October 27, 2008.  For the reasons set forth below, the motion will be granted

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

Everflow is a specialized fan manufacturer located in Taiwan.  The fans are used by large computer manufacturers that incorporate them into computers, which then are sold on the retail market.  MEI is a California corporation located in San Jose, California.  It markets cooling systems directly to computer assembly companies for incorporation into the individual personal computer designs sold by those companies.  MEI used Everflow's fans as part of MEI's cooling systems.  Everflow entered into a series of agreements to deliver computer cooling products to MEI.  MEI allegedly agreed to wire payment for each shipment of goods within forty-five (45) days.  Everflow claims that MEI ordered goods from Everflow and took delivery but has failed to make payments in excess of $2,000,000.

Everflow filed the instant action on November 14, 2007, seeking to recover the payments allegedly owed under the contract.  In the course of discovery, Everflow subpoenaed MEI's bank records, which revealed wire transfers from MEI to James Loro, one of the company's two shareholders who also served as the company's CEO, CFO and Director.  The records reflected other wire transfers out of MEI's account to Peralta Investment Group ("Peralta").  Upon discovery of these and other facts, Everflow filed the instant motion on September 19, 2008, seeking to add proposed defendants Jamel Enterprises, Lororco Sales, Inc., James Loro, Melva Loro, Nadene Loro Snapp, and Peralta Investment, LLC; and seeking to assert new claims for fraud, alter ego, unfair competition, fraudulent transfer and conspiracy

# II. LEGAL STANDARD

A request for leave to amend is governed by Federal Rule of Civil Procedure 15(a).  "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court," *id.*, and the standard for leave under Rule 15(a) is "very liberal," *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir.  2006).  In deciding whether to grant leave to amend, courts consider several factors, including:  (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously

1    has amended its pleadings.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

2                                            **III. DISCUSSION**

3           Everflow seeks leave to file its first amended complaint to add new defendants and claims

4    based on newly discovered facts.  The Ninth Circuit has held that discovery of new facts after a

5    complaint was filed may warrant granting leave to amend.  *See Wittmayer v. U. S.*, 118 F.2d 808,

6    809 (9th Cir.  1941) (upholding leave to amend granted ten months after commencement of the

7    suit); *see also Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (granting

8    leave to amend where plaintiff "acted quickly once identifying [new facts] and discovery is not

9    complete").  Here, within a month of discovering new facts in the case, Everflow sought a

10   stipulation from MEI for the filing of a first amended complaint; on MEI's refusal, Everflow

11   filed the instant motion, which represents its first attempt to amend the original complaint.

12   Accordingly, leave to amend appears appropriate.

13          MEI argues in opposition to the motion that (1) Everflow seeks leave to amend in bad

14   faith, and (2) amendment to add the alter ego claim would be futile.

15   **A.  Everflow Does Not Seek Leave To Amend In Bad Faith**

16          Everflow asserts that examination of MEI's bank records revealed "wholesale looting" of

17   MEI's funds by its principals during the time MEI was negotiating with Everflow.  Furthermore,

18   Everflow claims that it recently discovered that MEI's two shareholders began a parallel business

19   operation to continue the same line of work while avoiding MEI's creditors.  In support of these

20   assertions, Everflow attached bank records and incorporation papers containing the names of the

21   proposed defendants.

22          Despite the well-supported motion, MEI argues that Everflow ignored two documents in

23   a bad faith attempt to make the proposed defendants personally liable for MEI's alleged debts.

24   MEI offers UCC Financing Statements filed by the Loro Living Trust and Peralta.  MEI argues

25   that these statements establish that its wire payments to James Loro and Peralta were to "secured

26   creditors," and that Everflow's interest as an unsecured creditor is subordinate to that of a

27   creditor having a perfected security interest.  However, MEI fails to establish that Everflow had

28   access to these records.  Moreover, even if Everflow did have access to the records and failed to

                                                  3

1    acknowledge their existence in its moving papers, MEI does not offer any explanation for its

2    payments to Peralta.

3         MEI also argues that Everflow seeks to exert pressure on James Loro to settle the action

4    on terms favorable to Everflow.  The amended complaint would add as defendants Melva Loro

5    and Nadene Loro Snapp, the wife and daughter of MEI's President James Loro, as well as Loro

6    himself.  Everflow describes the various roles the three family members had in the different

7    companies and attaches numerous exhibits supporting its allegations.  MEI does not directly

8    address the controlling roles each family member appears to have had in the closely held

9    companies.  Although pressure to settle may increase with the filing of the amended complaint,

10   that fact alone does not establish that amendment is sought in bad faith.

11   **B.  Everflow's Amendment Would Not Be Futile**

12        Challenges to a pleading usually are deferred until after the amended pleading has been

13   filed, but leave to amend sometimes may be denied if the proposed amendment is futile.

14   *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987).  "However, a proposed

15   amendment is futile only if no set of facts can be proved under the amendment to the pleadings

16   that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845

17   F.2d 209, 214 (9th Cir.1988).  Here, the amended complaint would add claims for fraud, alter

18   ego, unfair competition, fraudulent transfer and conspiracy.[2]  MEI argues that the corporate veil

19   doctrine prevents Everflow's assertion of the proposed claims, and the alter ego claim in

20   particular.

21        In California, a corporation may be regarded as the alter ego of the stockholders.

22   *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 836 (1962).  "The two

23   requirements are (1) that there be such unity of interest and ownership that the separate

24

25        [2]Specifically, Everflow proposes to add the following new claims: (1) fraud count one
     (against MEI and proposed defendant James Loro); (2) fraud count two (against MEI, Jamel
26   Enterprises, Peralta, James Loro, Melva Loro and Nadene Loro Snapp); (3) alter ego; (4) unfair
     competition in violation of California Business and Professions Code § 17200; (5) fraudulent
27   transfer in violation of California Civil Code § 3439.05; and (6) conspiracy in violation of
     California Civil Code § 3439.05.
28

4

1    personalities of the corporation and the individual no longer exist, and (2) that, if the acts are

2    treated as those of the corporation alone, an inequitable result will follow." *Id.* at 837. Here,

3    MEI cites only to the general purpose of the corporate veil doctrine, maintaining that "[t]he

4    purpose of the doctrine is not to protect every unsatisfied creditor." *Id.* at 842. By definition,

5    then, the doctrine protects at least *some* unsatisfied creditors. Everflow sets out and addresses

6    facts supporting the first and second requirement for its alter ego claim. It offers evidence that

7    the Loros family had a "unity of interest and ownership" in MEI, and it alleges that the MEI and

8    the proposed defendants "engaged in a concerted effort to hide assets from creditors." At the

9    pleading stage, these allegations suffice to make out an alter ego claim.

10    **IV. ORDER**

11        Good cause therefore appearing, IT IS HEREBY ORDERED that Everflow's motion for

12    leave to file its first amended complaint is GRANTED. The amended complaint shall be filed

13    and served within ten (10) days of the date of this order.

14

15

16    DATED: November 3, 2008

17

18                                   _____

19                                    JEREMY FOGEL
                                    United States District Judge

20

21

22

23

24

25

26

27

28

5

1   This Order has been served upon the following persons:

2   Mark M Fang: Mfang@MarkFangAPC.com

3   Mark Figueiredo: mrf@structurelaw.com

4
    Kevin Richard Martin: kmartin@randicklaw.com
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-05795 JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT
(JFEX1)