*e-filed 11/19/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORP., incorporated under the laws of the Republic of China,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MILLENNIUM ELECTRONICS INC., a California corporation, LOROCO SALES INC., a California corporation, JAMEL ENTERPRISES, a California limited liability company dba MILLENNIUM ADVANCED SOLUTIONS, PERALTA INVESTMENT GROUP, LLC, form unknown, JAMES E. LORO, MELVA LORO and NADINE LORO SNAPP,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | Case No. 07-05795 JF (HRL)<br><br>**ORDER DENYING THE THIRD PARTY MOTIONS TO QUASH**<br><br>**[Re: Docket Nos. 29, 30]** |

　　Plaintiff Everflow Technologies manufactures cooling fans in Taiwan, and contracted to sell the fans to defendant Millennium Electronics Inc ("MEI"). After MEI failed to pay for the fans, plaintiff filed suit. Allegedly, early discovery reveled that MEI's principals, James and Nadine Loro, transferred money out of MEI's account to themselves, and to a number of other entities they owned. Plaintiff's counsel then issued two subpoenas: one to County Bank, Inc. and one to Heritage Bank. The subpoenas sought the production of bank records of the Loros and their entities, at that time, all third parties. These third parties filed motions to quash, and for sanctions, claiming that the information sought was private and irrelevant.

A hearing was scheduled in this matter for October 28, 2008. Neither party's counsel attended, nor did they contact the court to change the hearing date, or arrange for a telephonic appearance. The court now finds the matter appropriate for disposition without a hearing, pursuant to Civil Local Rule 7-1(b). Based on the papers filed, the court now DENIES the motions to quash.

## LEGAL STANDARD

Fed. R. Civ. Pro. 45 allocates authority over subpoenas to the court for the district from which they are issued. *See* Fed. R. Civ. Pro. 45(c)(3)(A), *see also In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas"). Upon a timely motion, Fed. R. Civ. Pro. 45(c)(3)(iii) and (iv) require the court to quash any subpoena issued by the court that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Subpoenas, like all discovery devices, are also subject to the scope and limits set forth in Fed. R. Civ. Pro. 26(b)(1) ("parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ").

## DISCUSSION

As a threshold matter, the court addresses its jurisdiction over the County Bank subpoena. Subpoenas for production of documents must issue "from the court where the production or inspection is to be made."Fed. R. Civ. Pro. 45(a)(2)(C). It appears that the County Bank subpoena was (improperly) issued from the Northern District of California. (County Bank is located in Merced, within the Eastern District of California.) No one, apparently, objects to this subpoena because it was improperly issued from this district. In any event, because the County Bank subpoena did, in fact, issue from the Northern District of California, this court has jurisdiction over it.

The motions to quash were filed in August, 2008. At the time, the movants claimed that the subpoenas must be quashed because the information sought was private and irrelevant. As plaintiff pointed out in its opposition papers, the documents were relevant to the fraud, alter ego, unfair competition and fraudulent transfer claims alleged in its (not yet filed) Amended

2

1 Complaint. Unfortunately, plaintiff's motion for leave to amend was still pending at the time
2 that the parties briefed the motions to quash. This procedural inelegance allowed the third
3 parties to insist that plaintiff had "not pled any facts in the Complaint to support its request for
4 confidential bank records of unrelated third parties."

In the meantime, however, the district court granted plaintiff's motion for leave to file an Amended Complaint. Plaintiff filed the Amended Complaint on November 5, 2008. The documents sought in the subpoenas are clearly relevant to the claims and defenses in the currently operative Amended Complaint. And, although some of the information is undoubtedly private within the meaning of California law, the plaintiff's need for the information at this juncture outweighs the privacy interests asserted. Therefore, the motions to quash the subpoenas are DENIED.

Dated: 11/19/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

MFang@MarkFangAPC.com

mrf@structurelaw.com

kmartin@randicklaw.com

Dated: 11/19/08

/s/ mpk
Chambers of Magistrate Judge Lloyd