*e-filed 3/13/09*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORP., incorporated under the laws of the Republic of China,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLENNIUM ELECTRONICS INC., a California corporation, LOROCO SALES INC., a California corporation, JAMEL ENTERPRISES, a California limited liability company dba MILLENNIUM ADVANCED SOLUTIONS, PERALTA INVESTMENT GROUP, LLC, form unknown, JAMES E. LORO, MELVA LORO and NADINE LORO SNAPP,<br><br>    Defendants.<br>_____/ | Case No. 07-05795 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Everflow Technologies contracted to sell cooling fans to defendant Millennium Electronics Inc ("MEI"). After MEI allegedly failed to pay, plaintiff filed suit. Discovery revealed that MEI's principals transferred money out of MEI's account to themselves and to a number of other entities they controlled. Plaintiff sought, and received, permission to file an Amended Complaint naming these principals and their entities under an alter ego theory of liability.

Sometime in September 2008, plaintiff served defendant MEI with Special Interrogatories and a single Request for Production. In October, counsel for defendants filed a motion to withdraw, and asked plaintiff's counsel to extend the due date on the discovery until

1  after the hearing. Plaintiff's counsel refused, and MEI responded to the discovery on time. The
2  responses, however, were comprised entirely of objections. After attempts to meet and confer
3  failed, plaintiff filed the instant motion to compel. Counsel was granted leave to withdraw in
4  late December, and no new counsel has appeared on defendants' behalf to date[1]. The court now
5  finds that this matter is suitable for determination without a hearing, pursuant to Civil Local
6  Rule 7-1(b). The court GRANTS plaintiff's motion.

## LEGAL STANDARD

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[ p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## DISCUSSION

Through its motion, plaintiff seeks additional responses to Special Interrogatories, Set Three, and production of documents in response to a single Request for Production ("RFP"). Defendant MEI opposes the motion (in a brief totaling less than two pages) on two grounds: (1) that plaintiff's motion papers "did not fully set forth each discovery request and response," as this court's Local Rules require; and (2) that MEI's counsel has an unopposed motion to be relieved as counsel. Neither of these arguments address the substance of plaintiff's motion. Plaintiff's papers adequately set forth each discovery request and response. Counsel consolidated the requests into topical categories, and provided the text of the requests and

---

[1] MEI. is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *In Re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). MEI. is further advised that it retains all of the obligations of a litigant, and its failure to obtain an attorney may lead to an order striking its pleadings or entry of its default.

2

1 responses. He declared he provided the requests and responses verbatim. This satisfies the
2 requirements of the Local Rules.

3 The fact that defendant's counsel had (at that time) a pending motion to be relieved does
4 not excuse defendant from responding to discovery. Defendant's short opposition brief suggests
5 that it viewed plaintiff's discovery requests as an attempt to "take advantage of the situation."
6 Regardless of its issues with its attorney, defendant has the obligation to respond to discovery.
7 The mere fact that counsel was waiting to be granted leave to withdraw is not a legitimate
8 reason for the court to deny plaintiff's motion.

10 Despite defendant's failure to present a persuasive argument in its opposition papers, the
11 court reviewed the interrogatories and responses. Plaintiff explained the relevance of the
12 information sought, and responded to each of defendant's objections. The court finds that the
13 interrogatories are within the Rule 26 definition of discoverable information. The burden is on
14 defendant to show "why discovery should not go forward." *Blankenship*, 519 F.2d at 429.

15 With inconsequential variation, defendant responded to the each of the disputed
16 interrogatories with the following objection:

> Defendant objects to this interrogatory because it is compound vague, ambiguous, burdensome, oppressive, and seeks documents protected by the attorney-client privilege and work product privileges and the right of privacy.
> Defendant also objects to this interrogatory because it is overbroad and seeks information that is not relevant to any party's claims or defense, as it calls for financial information that pre-dates Propounding Party's business relationship with Defendant.
> In addition, defendant objects to this interrogatory on the grounds that it seeks trade secrets, confidential, proprietary and/or other secret information. Defendant also objects to the extent that this interrogatory seeks information that is equally available to and/or has already been provided to Propounding Party.
> Defendant further objects on the ground that its legal counsel has filed a motion to withdraw as counsel, which is presently pending. Defendant has requested an extension of time from Propounding Party so that the responses to these interrogatories are not due until after the motion to withdraw counsel has been heard. Propounding Party has refused Defendants request for such an extension.

26 Grounds for objection to interrogatories must be stated "with specificity." Fed. R. Civ.
27 P. 33(b)(4). "Blanket" objections are not sufficient. Plaintiff claims that defendant MEI's
28 "string objections" are unacceptable, improper, and without merit. The court agrees. Defendant

United States District Court
For the Northern District of California

3

1 has not explained with any specificity how any of the interrogatories are "compound, vague,
2 ambiguous, burdensome, oppressive, or seek documents protected by the attorney-client
3 privilege, work product privilege, or the right of privacy," or how any interrogatory "seeks trade
4 secrets, confidential, proprietary and/or other secret information." All of those objections appear
5 to be improper blanket objections, and are now OVERRULED. The objections that defendant's
6 request is "overbroad" or the information sought has "already been provided," and that counsel
7 has filed a motion to withdraw were stated with slightly more specificity. However, the fact that
8 these objections were repeated verbatim in response to a large number of the interrogatories
9 suggests that these objections are also improper. These objections are also OVERRULED.

10 Defendant's opposition brief fails to explain how its objections are meritorious.
11 Defendant has failed to carry its burden to show why it should not have to respond fully to the
12 requested discovery. Plaintiff's motion to compel additional responses to special interrogatories
13 76-89 is, therefore, GRANTED.

14 In addition to the interrogatories, plaintiff propounded a single RFP, seeking "all
15 documents identified in response to the interrogatories." Defendant responded that it was
16 "unable to identify any documents in response to Propounding Party's interrogatories (Set
17 Three) as the Interrogatories are presently posed." In other words, defendant did not produce
18 any documents because it did not respond to any of the interrogatories. Defendant did not
19 elaborate on its reasoning in its opposition brief, and again failed to meet its burden of showing
20 why the requested discovery should not be provided. Plaintiff's motion to compel production in
21 response to RFP number 12 is GRANTED.

22 Defendant is ordered to produce the requested responses to interrogatories and
23 documents not later than March 31, 2009.

24 **IT IS SO ORDERED.**

25 Dated: 3/13/09

27 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

MFang@MarkFangAPC.com

Dated: 3/13/09

                                             /s/ mpk
                                       Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California