**E-Filed 7/14/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MILLENIUM ELECTRONICS, INC., et al.,<br><br>Defendants. | Case Number C 07-5795 JF (HRL)<br><br>ORDER (1) DIRECTING CLERK OF THE COURT TO ENTER DEFAULT AS TO DEFENDANTS MILLENIUM ELECTRONICS, INC., JAMEL ENTERPRISES, LLC, AND LOROCO SALES, INC.; (2) VACATING REFERRAL TO JUDGE WHYTE; AND (3) DENYING WITHOUT PREJUDICE APPLICATION FOR TEMPORARY PROTECTIVE ORDER<br><br>[re: docket nos. 107 and 110, 124, 129, 134] |

## I. ENTRY OF DEFAULT

On July 10, 2009, the Court heard argument regarding Plaintiff's motion for entry of default as to Defendants Millenium Electronics, Inc. ("MEI"), Loroco Sales, Inc. ("Loroco"), and Jamel Enterprises, LLC ("Jamel").[1]  The Court is satisfied that entry of default is appropriate

---

[1] The motion also references the entity "Jamel Enterprises dba Millenium Advanced Solutions."  This entity is not listed as a separate defendant on the Court's docket, and it appears on the face of the Amended Complaint that this entity is the same entity as "Jamel Enterprises, LLC."  Accordingly, the Court declines to enter a separate default as to "Jamel Enterprises dba

with respect to these defendants because they no longer are represented by counsel, have not retained new counsel despite being afforded an opportunity to do so,[2] and apparently have abandoned defense of this action, having failed to appear at Case Management Conferences on February 27, 2009 and May 29, 2009. Accordingly, the Clerk will be directed to enter default against these defendants.

## II. TEMPORARY PROTECTIVE ORDER

At the hearing on Plaintiff's motion for entry of default, Plaintiff's counsel informed the Court that on the prior afternoon Plaintiff had filed applications for Writ of Attachment set for hearing on August 14, 2009, and applications for Temporary Protective Order ("TPO") seeking to freeze Defendants' assets pending the hearing on the applications for Writ of Attachment. The undersigned had not seen the applications, and indicated that because of prior commitments he would not be available to hear the applications for TPO within the shortened time frame requested by Plaintiff; accordingly, the undersigned referred the applications for TPO to Judge Whyte for a hearing on July 14, 2009. However, after examining the briefing submitted by Plaintiff and by Individual Defendants James and Melva Loro, the Court concludes that the applications for TPO are appropriate for disposition without oral argument, *see* Civ. L.R. 7-1(b), and thus will vacate the referral to Judge Whyte.

Plaintiff has filed four separate applications for TPO against Jamel, James Loro, Melva Loro, and Peralta Investment Group, LLC ("Peralta"). The proposed orders preclude each of these defendants from transferring or encumbering any real property, personal property, or financial accounts pending disposition of the pending applications for Writ of Attachment.

Pursuant to Federal Rule of Civil Procedure 64(a), state law seizure remedies may be used in federal district court. Under California law, in conjunction with applying for a writ of attachment, a litigant may apply for a TPO. Cal. Civ. Proc. Code § 486.010(a). The application

---

Millenium Advanced Solutions."

[2] "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b).

for TPO "shall state what relief is requested and shall be supported by an affidavit, which may be based on information and belief, showing that the plaintiff would suffer great or irreparable injury . . . if the temporary protective order were not issued." Cal. Civ. Proc. Code § 486.010(b). The Ninth Circuit has summarized this procedure as follows:

> California law allows a creditor to obtain a TPO against a debtor's property after it has shown in an ex-parte proceeding the probable validity of its claim and the probability of great harm if relief is not granted. The TPO creates a lien on all of the debtor's named property which survives most transfers. Cal. Civ. Proc. Code § 486.020.
>
> The creditor can then obtain an order to attach and a writ of attachment after notice and a full hearing. At the hearing, the creditor must show that, on the facts presented, it would be entitled to judgment on the claim on which the attachment is based. Cal. Civ. Proc. Code § 485.220.

*In re Wind Power Systems, Inc.*, 841 F.2d 288, 291 (9th Cir. 1988).

"[A]ttachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." Cal. Civ. Proc. Code § 483.010(a).

The instant action arises out of Plaintiff's claim that Defendant MEI ordered and took delivery of goods from Plaintiff but has failed to pay more than $2,000,000 owed to Plaintiff as a result of these transactions. Plaintiff initially sued only MEI for breach of contract and common counts, but on November 5, 2008, amended its complaint to add James and Melva Loro, Jamel, and Peralta and to add a number of other claims for fraud and similar torts. Because attachment and the companion remedy of a TPO are available only with respect to a claim of money, the basis of Plaintiff's applications must be the alleged $2,000,000 debt owed by Millenium. Plaintiff claims that the Loros, Jamel and Peralta are liable for this debt under the theory of alter ego. However, based upon the current record, Plaintiff has failed to demonstrate the probably validity of its alter ego claims. Plaintiff likewise has failed to demonstrate the probability of great harm absent the requested TPO. Plaintiff asserts that the TPO is necessary because James and Melva Loro have sold their home and will be moving, and because they also have deeded away certain other real properties. These transactions occurred in *October 2008*, more than *eight*

*months* prior to the filing of the instant applications for TPO and attachment.  Plaintiff fails to explain this delay.  Plaintiff fails to identify which bank accounts and other assets are the subject of the requested TPO.  Finally, the requested TPO is overly broad; it would freeze all assets of the named defendants and preclude even ordinary day-to-day transactions.  Accordingly, the applications for TPO will be denied without prejudice.

### III. ORDER

(1)     the motion for entry of default is GRANTED; the Clerk of the Court is directed to enter default against Defendants Millenium Electronics, Inc., Loroco Sales, Inc., and Jamel Enterprises, LLC;

(2)     the referral to Judge Whyte is VACATED; and

(3)     the applications for TPO are DENIED without prejudice.

DATED:  7/14/2009

_____
JEREMY FOGEL
United States District Judge

1 | Copies of Order served on:
2 |
3 | James Loro j4ldef@yahoo.com
4 | James Loro j4ldef@yahoo.com
5 | Mark M Fang , Esq MFang@MarkFangAPC.com, Bshort@MarkFangAPC.com
6 | Melva Loro j4ldef@yahoo.com