**\*\* E-filed February 17, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION,<br><br>       Plaintiff,<br>    v.<br><br>MILLENNIUM ELECTRONICS, INC.; LOROCO SALES INCORPORATED; JAMEL ENTERPRISES; PERALTA INVESTMENT GROUP, LLC; JAMES E. LORO; MELVA LORO; and NADENE LORO SNAPP;<br><br>       Defendants.<br>_____/ | No. C07-05795 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[Re: Docket No. 193]** |

Plaintiff Everflow Technology Corporation ("Everflow") sold and delivered computer fans to defendant Millennium Electronics, Inc. ("MEI"). After MEI allegedly failed to pay for the fans, Everflow sued for breach of contract. Everflow later amended its complaint to include pro se defendants James and Melva Loro, MEI's principals, alleging that the Loros fraudulently transferred approximately $1.3 million from MEI to themselves personally and to the accounts of other entities they operate, and also alleging that the Loros are not truly separate from these entities.

Everflow now moves to compel defendant James Loro to answer questions concerning transfers of money that he refused to answer at his deposition on privacy grounds and to produce documents at the deposition he has not yet produced. Plaintiff also moves for an additional period of time to complete Loro's deposition beyond the seven-hour limit allowed by the Federal Rules.

Loro opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the March 2, 2010 hearing is vacated.

Everflow conducted Loro's deposition on June 18, 2009. During this deposition, Loro refused to answer a number of questions concerning transactions between the Loros, JDC Partners LLC ("JDC"), and JDC's principal, Jose Alvarez. Everflow asserts that there were numerous large transfers of money between the Loros and JDC, who apparently was investing in real estate on the Loros' behalf. Yet Loro objected to every question concerning these transactions on grounds that they asked for "private financial information" in violation of California law. (Loro Dep. 217–35.)

This court has considered Loro's assertions of privacy on two prior occasions and held in both instances that personal financial information is relevant and discoverable under the circumstances of this case. (*See* Docket Nos. 78, 176.) The court does not find Loro's arguments to the contrary to be any more compelling in this third round.[1] Everflow avers that questions and documents concerning these transactions may reveal evidence of alter ego or that the Loros fraudulently transferred MEI money. A review of the questions and requests at issue in this motion confirms that they are appropriate in this case. As a result, Loro's asserted privacy interests—once again—fail to overcome Everflow's right to discover relevant facts concerning its claims.

Accordingly, Everflow's motion is GRANTED as follows: within thirty days, Loro shall make himself available for an additional four hours to answer Everflow's questions, without objection on privacy grounds, concerning transfers between the Loros, JDC, and Alvarez, as well as other questions relating to where the Loros may have distributed MEI money. At this deposition, Loro shall also produce all responsive documents for Request Nos. 24–32 as requested in Everflow's April 17, 2009 deposition notice, to the extent that he has not already done so.

**IT IS SO ORDERED.**

Dated: February 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Loro argues that the court should deny the motion outright because, he says, plaintiff failed to properly meet and confer. The court is unpersuaded that plaintiff's efforts were insufficient, especially considering Loro's seemingly unwavering position that he does not have to disclose personal financial information in this case.

1 | **C 07-05795 Notice will be electronically mailed to:**

2 | James Loro            j4ldef@yahoo.com
    Mark M Fang, Esq      MFang@MarkFangAPC.com, Bshort@MarkFangAPC.com
3 | Melva Loro            j4ldef@yahoo.com

4

5 | **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California