**E-Filed 8/26/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, | Case Number 5:07-cv-05795-JF |
| Plaintiff, | ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS; DENYING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MILLENIUM ELECTRONICS, INC., et al., | |
| Defendants. | [re: document no. 229] |

On April 26, 2011, the Court granted leave for Plaintiff Everflow Technology Corp. ("Everflow") to file a second amended complaint and for Defendants James and Melva Loro to include counterclaims in their answer to that pleading. The Loros subsequently filed their answer and counterclaims ("Counterclaims"), alleging that in the course of dealings between Everflow and James Loro and his company Millenium Electronics, Inc. ("MEI"), Everflow entered into a "new contract" with Loro personally. *See* Counterclaims ¶ 48. The Loros allege that Everflow breached that contract, violated its covenant of good faith and fair dealing under the contract, and interfered with James Loro's prospective economic relations. The Loros also allege that James Loro was damaged as a third-party beneficiary by Everflow's breach of the

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:07-cv-05795-JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION FOR SUMMARY JUDGMENT
(JFLC3)

"new contract."

Everflow moves to dismiss the Counterclaims, contending that the assertion that the "new contract" was between Everflow and James Loro is contradicted by Defendants' prior admissions to this Court. Everflow contends that on May 28, 2009, Defendants submitted a "supplemental case management statement" indicating that *MEI* and Everflow negotiated a "repayment plan" in August 2007, the terms of which appear to be similar to the terms of what the Counterclaims call the "new contract." Dkt. 103. Everflow also contends that on July 27, 2009, James Loro submitted a declaration in support of Defendants' opposition to Everflow's motion for additional writs of attachment, stating that "after MEI failed to acquire additional commercial financing, and upon extensive communications between MEI and Everflow regarding MEI's cash flow concerns, MEI negotiated a repayment plan ("Repayment Plan") with Everflow." Dkt. 150-1. Attached to the declaration was a "true and accurate copy" of a July 26, 2007 email authored by James Loro and sent to Peter Chio, president of Everflow, which purportedly "describ[ed] the Repayment Plan." *Id.* The email states that its purpose is "to outline a proposal . . . . to maintain a relationship with MEI," and, after listing the proposed terms, asks Peter Chio to "please let me know your decision tonight on this issue." Everflow asks the Court to take judicial notice of each of these documents.

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). The Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). In addition, a Court may consider "a document the authenticity of which is not contest, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

In this case, the Counterclaims do not allege or necessarily rely upon the contents of

1  Defendants' "supplemental case management statement" or Loro's 2009 declaration, nor do they
2  refer to the July 26, 2007 email.  At most, the email constitutes an offer to bargain, not a
3  contract.

4       Taking the allegations of the Counterclaims as true, *see Cahill v. Liberty Mut. Ins. Co.*,
5  80 F.3d 336, 337-38 (9th Cir. 1997), the Court concludes that Defendants have alleged facts
6  sufficient to make out the claims for breach of the contract, breach of implied covenent of good
7  faith and fair dealing, and interference with prospective economic relations.  However, as
8  Everflow correctly observes, the Loros' third Counterclaim for breach of contract based on
9  James Loro's status as a third-party beneficiary is internally inconsistent, as Loro is alleged to be
10 both a party to the contract and an intended beneficiary.  Accordingly, Everflow's motion to
11 dismiss will be granted except with respect to this claim.

12      In the alternative, Everflow asks the Court to treat its motion as one for summary
13 judgment and grant judgment in its favor on the Counterclaims.  However, a motion for
14 summary judgment may be granted only if there is no genuine issue of material fact and the
15 moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v.*
16 *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of
17 demonstrating the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S.
18 317, 323 (1986). In this case, the Court does not have sufficient facts before it to conclude that
19 there is no issue of material fact with respect to the Counterclaims.  As noted above, the email
20 dated July 26, 2007, does not constitute a contract or foreclose the possibility that James Loro
21 rather than MEI was a party to a subsequent agreement, and while Loro's 2009 declaration
22 appears to contradict his assertions in the Counterclaims, the Court is not in a position to
23 adjudicate the facts underlying such statements.  Accordingly, the motion for summary judgment
24 will be denied without prejudice.

25
26
27                                         **ORDER**
28      The motion to dismiss is granted as to the Loros' third Counterclaim, without leave to

1  amend, and denied as to the first, second, and fourth Counterclaims.  The motion for summary
2  judgment is denied without prejudice
3         IT IS SO ORDERED.
4  DATED: 8/22/2011

                                         _____
                                         JEREMY FOGEL
                                         United States District Judge