\*\* E-filed August 17, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORP., | No. C07-05795 HRL |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTES JOINT REPORTS 1 AND 3** |
| v. | |
| MILLENNIUM ELECTRONICS, INC.; ET AL., | **[Re: Docket Nos. 272, 274]** |
| Defendants. | |

Plaintiff Everflow Technology Corporation ("Everflow") sold and delivered computer fans to defendant Millennium Electronics, Inc. ("MEI"). After MEI allegedly failed to pay for the fans, Everflow sued for breach of contract. Everflow later amended its complaint to include pro se defendants James and Melva Loro, MEI's principals, Nadene Loro Snapp, the chief accounting officer for MEI, and a variety of other defendants, alleging that the Loros fraudulently transferred approximately $1.3 million from MEI to themselves personally and to the accounts of the co-defendants, other entities they operate. Everflow also alleges that these other entities are essentially alter egos of the Loros.

After four years, this case is still in its early stages, with fact discovery not yet complete. Everflow now files two Discovery Dispute Joint Reports, pursuant to the undersigned's Standing Order re: Civil Discovery Disputes, seeking to compel two of the defendants, Melva Loro and Nadene Loro Snapp, to provide deposition testimony. Everflow contends that both defendants have cancelled or failed to appear numerous depositions. The defendants, who have not meaningfully

participated in the production of these Discovery Dispute Joint Reports, apparently contend that they should not be required to be deposed because they lack counsel and because they believe plaintiff's case lacks merit.

DISCUSSION

### A. *Deposition of Melva Loro*

Everflow first attempted to depose defendant Melva Loro on June 19, 2009. Dk. No. 272 ("DDJR 1"), p. 2). Loro appeared and the deposition began, but stopped after 75 minutes, when Loro claimed she had forgotten to take some medication that day and needed to go home to take it. Id. The parties agreed to resume the deposition that afternoon, but Loro did not return at the appointed time. Id. Everflow contends that it re-noticed Loro's deposition two times between September 2009 and March 2010, and that Loro "unilaterally cancelled" both of those depositions days before they were set to occur, blaming a back injury. Id. at 3. Earlier this year, Everflow renewed its efforts to depose Loro, who now refuses to appear because her attorney, David Chamberlin, apparently withdrew as counsel in February 2012 and she has yet to obtain new counsel. Id. The court notes that Chamberlin has not sought to withdraw as counsel of record. Everflow has attempted to schedule deposition at least three times in 2012, but Loro has cancelled each time, stating that she will not appear for any deposition until she obtains new counsel. Id. Everflow also contends that, despite Loro's insistence that she has no counsel at this time, it was inadvertently copied on at least one recent email from Chamberlin to Loro regarding the current attempts to schedule deposition. Id. at 3-4.

Loro argues that she should not be required to appear for deposition without counsel, and contends that Everflow's counsel's "condescending and chauvinistic" attitude toward her at the original deposition caused her to cry, go home, and accidentally smash her head into a wall, which she alleges caused the back injury that prevented her from attending the next two depositions scheduled by Everflow. Id. at 7. Loro also argues that Everflow should not be allowed to request that she be compelled to appear because so much time has passed since the original notice of deposition.

A party may depose an opposing party without leave of court. Fed. R. Civ. P. 30(a)(1). "A deposition notice is all that is needed to require the attendance of parties at their depositions." United States v. $ 160,066.98 from Bank of America, 202 F.R.D. 624, 627 (S.D. Cal. 2001). Fed. R. Civ. P. 37 permits a party to move to compel a deponent to answer questions. Fed. R. Civ. P. 37(a)(3)(B)(i). Repeated last-minute cancellations of scheduled depositions have been held to constitute a "failure to appear." Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993).

Over three years have passed since Everflow first noticed Loro's deposition. Everflow has repeatedly rescheduled Loro's deposition at her request. Although Loro may have had legitimate reasons for wishing to continue her deposition, such as injury and her attempt to retain new counsel (which she has apparently still not done), she cannot be permitted to stall litigation and waste the parties' finite time to conduct discovery by continuing to refuse to make herself available for deposition. Lack of legal representation is no excuse, and Loro may not continue to refuse to be deposed based on her failure to obtain counsel. Loro's argument that Everflow should be prohibited from seeking to compel her to be deposed due to her own repeated cancellations is unavailing.

Accordingly, the court rules as follows: within thirty days, Melva Loro shall make herself available for a full day of deposition to answer Everflow's questions, whether or not she has successfully obtained new counsel. At this deposition, Loro shall produce all responsive documents to the Requests for Production of Documents as requested in Everflow's April 17, 2009 deposition notice, to the extent she has not already done so.

B. *Deposition of Nadene Loro Snapp*

Everflow first noticed a deposition of Nadene Loro Snapp ("Snapp") for February 9, 2012. Dkt. No. 274 ("DDJR 3"), p. 2. Snapp cancelled the deposition on February 8 through David Chamberlin, who is counsel of record for James and Melva Loro, but not for Snapp. Id. at 2-3. Everflow subsequently attempted to schedule two more depositions, in March and April 2012, but Snapp refused to attend either of these depositions. Id. at 3. Although Chamberlin has never been Snapp's counsel of record, she has used Chamberlin's unofficial withdrawal as counsel as a reason not to appear. Id. She refused to appear at the most recent deposition, which plaintiff's counsel scheduled to take place in King City, CA, 75 miles from Snapp's home and over 200 miles from

1  Camarillo, CA, where plaintiff's counsel is located, because she "feels intimidated and fearful if she
2  has to drive to a far away place like King City." Id. at 7. Snapp alleges that she told plaintiff she
3  would not go to King City, and that she "appeared" for the most recent deposition at a location in
4  San Jose, where, obviously, no other party appeared. Id. at 6.

5  As stated above, a party may depose another party without leave of court upon reasonable
6  notice. Fed. R. Civ. P. 37 permits a party to move to compel a deponent to answer questions. Fed. R.
7  Civ. P. 37(a)(3)(B)(i). Repeated last-minute cancellations of scheduled depositions have been held
8  to constitute a "failure to appear." Henry, 983 F.2d at 947. Snapp's repeated last-minute refusals to
9  appear for deposition constitute a failure to appear. Her dislike of plaintiff's chosen location and her
10 assertion that she lacks counsel to accompany her are not grounds for refusal to appear for
11 deposition.

12 Accordingly, the court rules as follows: within thirty days, Nadene Loro Snapp shall make
13 herself available for a full day of deposition to answer Everflow's questions, whether or not she has
14 successfully obtained new counsel. At this deposition, Snapp shall produce all responsive
15 documents to the Requests for Production of Documents as requested in Everflow's April 27, 2012
16 deposition notice, to the extent she has not already done so.

17 C.  *Location for Depositions of Loro and Snapp*

18 Both Loro and Snapp contend that any depositions should take place in San Jose, rather than
19 Camarillo, CA or King City, CA. See DDJR 1 at 4 (requesting that Loro be made to appear in
20 Camarillo); DDJR 3 at 4 (detailing plaintiff's counsel's efforts to schedule deposition in King City).
21 Everflow's counsel has also attempted to schedule depositions for both Loro and Snapp in San Jose,
22 but the defendants have failed to appear for those depositions.

23 While a court "may order a defendant to appear at any convenient place," the general rule is
24 that "'a party seeking discovery must go where the desired witnesses are normally located.'" 202
25 F.R.D. 624, 627 (quoting Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987)). Accordingly,
26 the court ORDERS that the depositions of Loro and Snapp shall take place within this district.

27 The fact that Loro and Snapp may not like the specific location chosen by plaintiff for the
28 deposition does *not* provide a valid basis for defendants to refuse to appear. "[T]here is no

4

1 requirement in the Rules that the date or location must be agreed upon by all parities [sic]." <u>Douglas
2 v. Shasta County</u>, 2010 U.S. Dist. LEXIS 24752, *6 (E.D. Cal. Mar. 3, 2010). So long as plaintiff
3 notices the depositions within the district, defendants Loro and Snapp may not unilaterally cancel
4 the depositions or refuse to appear based on their dislike of the location.

5 Should Loro or Snapp fail to appear and submit to a full day of deposition as ordered herein,
6 plaintiff may notice a motion for sanctions pursuant to Fed. R. Civ. P. 37(d) and Civil L. R. 7-8.

CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Melva Loro and Nadene Loro Snapp shall make themselves available for deposition within thirty days from the date of this order. In no event shall the depositions of Loro and Snapp occur after the current Fact Discovery Cutoff date of September 28, 2012.
2. Loro and Snapp shall bring any responsive documents to the Requests for Production of Documents as requested in Everflow's notices of deposition attached to DDJRs 1 and 3.
3. The depositions shall take place within this district, at a location of Everflow's choosing.

**IT IS SO ORDERED.**

Dated: August 17, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C07-05795 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Mark M. Fang | MFang@MarkFangAPC.com |
| William Short | |
| Richard La Fleur | rlafleur@lafleuryasin.com |
| David Chamberlin | chamberlin.calaw@gmail.com |
| James Loro | j4ldef@yahoo.com |
| Melva Loro | j4ldef@yahoo.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**