MARK FANG, ATTORNEY AT LAW, APC
Mark Fang, Esq.; SBN 199073
William G. Short, Esq.; SBN 132479
400 Camarillo Ranch Road, Suite 203
Camarillo, CA 93012
Telephone: (805) 383-2788
Facsimile: (805) 388-9488

*E-FILED: December 28, 2012*

Attorney for Plaintiff EVERFLOW TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION, incorporated under the laws of the Republic of China (Taiwan),<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM ELECTRONICS, INC., a California corporation, et al.<br><br>Defendants; | Case No.: C 07-05795 HRL<br><br>**STIPULATED PROTECTIVE ORDER**<br>**(MODIFIED BY THE COURT)** |

NORTHERN DISTRICT OF CALIFORNIA

In order to protect confidential information to be produced by The Dorothy Brengman Irrevocable Trust Dated July 23, 2010, Dorothy Brengman, Synergy Real Estate Investment Group, LLC, New Horizon Capital LLC, on or prior to October 5, 2012, the parties stipulate, subject to court approval, to the terms set forth below. The Court, having considered the terms set forth below and finding good cause therefor hereby ORDERS that:

1. "CONFIDENTIAL MATERIAL" shall mean all documents produced as proof of ownership, including stock certificates, operating agreements, by-laws, state filing forms, Minutes, memorandum of incorporation, membership subscription, etc., for 1) The Dorothy Brengman Irrevocable Trust Dated July 23, 2010, 2) New Horizon Capital LLC, and 3) Synergy Real Estate Investment Group LLC. Additionally, financial records, including bank statements and bank transfer records for the 1) Dorothy Brengman Irrevocable Trust Dated July 23, 2010, 2) New Horizon Capital LLC, and 3) Synergy Real Estate Investment Group LLC, for the period of the formation of the trust and twelve months pre-formation and post-formation (one year before formation/funding date and one year after).

2. CONFIDENTIAL MATERIAL produced by any party or non-party in connection with this action may be designated by the producing party(ies) as "Confidential" or "Counsel's Eyes Only." As a general guideline and notwithstanding any other provision of this Stipulated Protective Order, any information that is publicly available, or that has been disclosed to a third party without any obligation of confidentiality, should not be designated as "Confidential" or "Counsel's Eyes Only."

3. A document or thing should be designated "Confidential" when it contains CONFIDENTIAL MATERIAL that may be reviewed by certain persons of the receiving party but must be protected against disclosure to unauthorized third parties.

4. A document or thing should be designated "Counsel's Eyes Only" when it contains CONFIDENTIAL MATERIAL

5. All material designated "Confidential" or "Counsel's Eyes Only" shall be used solely for purposes of this litigation, and for no other purpose. The "Confidential" or "Counsel's Eyes Only" material disclosed by a producing party

shall not be divulged by the receiving party to anyone other than the persons permitted access as set forth herein.

6. Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Each thing and each page of a document so designated must be marked "Confidential" or "Counsel's Eyes Only" by the producing party. In the event a party fails to designate a confidential document or thing as "Confidential" or "Counsel's Eyes Only," the producing party may notify the receiving party of its failure to designate and provide the receiving party with replacement document(s) or thing(s) marked in accordance with this Order. The receiving party shall make all reasonable efforts to retrieve the documents or things not marked, and all copies thereof, and return them to the producing party's counsel or certify to the destruction thereof.

7. Any materials designated "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party, their partners and the employees of their firms (referred to herein as "Counsel");

(b) Judges, Magistrates, law clerks, jury, and other clerical personnel of the Court before which this action is pending;

(c) Court reporters or videographers or their employees engaged by counsel to record and transcribe testimony in this litigation;

(d) Persons retained in this litigation as consultants or experts for purposes of assisting in the preparation of this litigation for trial and/or providing expert testimony.

9. Materials designated "Counsel's Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

    (a) Counsel, except that such materials may not be made available to any person with a present or anticipated ownership or other financial interest in one or more parties or in the outcome of this litigation;

    (b) Judges, Magistrates, law clerks, jury, and other clerical personnel of the Court before which this action is pending;

    (c) Court reporters or videographers or their employees engaged by counsel to record and transcribe testimony in this litigation; and

    (d) Persons retained in this litigation as consultants or experts for purposes of assisting in the preparation of this litigation for trial and/or providing expert testimony, provided such persons are not and have not been an employee, director, officer, or in-house counsel for a party within the preceding five (5) years;

10. The restrictions set forth in this Order will not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission, either directly or indirectly, of the receiving party, its employees or agents which would be in violation of this Order. ~~A receiving party who contends that "Confidential" or "Counsel's Eyes Only" material should be free from such designation by reason of this paragraph shall have the burden of proving such contention via an application to the Court.~~ No material that has been designated as "Confidential" or "Counsel's Eyes Only" shall be divulged by reason of this paragraph unless and until the receiving party has first sought and obtained a favorable ruling from the Court.

**See Addendum, paragraphs 15-16.**

11. ~~If any material designated as "Confidential" or "Counsel's Eyes Only" is filed with the Court or submitted to the Judge, such papers shall be submitted sealed.~~ **See Addendum, paragraph 17.**

12. This Order may only be modified by a further Order of this Court or as permitted in writing by the parties.

13. Upon termination of this action, or if earlier, upon receiving party's satisfaction, the receiving party shall (a) return to the producing party or non-party all documents and things, and all copies thereof, designated as "Confidential" or "Counsel's Eyes Only" and certify to the deletion of any such materials electronically stored (whether by database or otherwise); or (b) if acceptable to the producing party, the receiving party may instead (i) destroy, and erase where applicable, all documents and things, and all copies thereof, designated as "Confidential" or "Counsel's Eyes Only" by the producing party or non-party and (ii) send to such producing party or non-party written confirmation of such destruction and erasure. This paragraph shall not create an obligation for the producing party to destroy materials it produced from its own client's (or clients') files. Each attorney of record may retain one (1) copy of any designated materials attached to any pleading filed with the Court.

14. This Order shall not prejudice the right of any party or non-party to oppose production of any material on the grounds of Attorney-Client Privilege, work product immunity, relevance, or any other protection provided under the law.

AGREED AS TO FORM AND SUBSTANCE:


Mark Fang, Attorney At Law, APC

| | | |
|---|---|---|
| 1 | October 3, 2012 | By: _____ |
| 2 | | Mark Fang |
| 3 | | Wiliam G. Short |
| | | Attorneys for Plaintiff |

Teeple Hall, LLP

October 3, 2012    By: _____
Zachariah R. Tomlin
Attorney for James Loro (for purposes of Subpoenas only), Dorothy Brengman Irrevocable Trust Dated July 23, 2010, New Horizon Capital, LLC, Synergy Real Estate Investment Group, LLC.

October 3, 2012    By: _____
James Loro, in pro per

**AS MODIFIED BY THE COURT,** IT IS SO ORDERED.

Dated: 12/28/, 2012       _____
Howard R. Lloyd
United States Magistrate Judge

[STIPULATED] PROTECTIVE ORDER

- 6 -

# ADDENDUM

15.  In the event of any discovery or disclosure dispute, the parties and any affected non-parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.

16.  In any dispute over a "Confidential" or "Counsel's Eyes Only" designation, the burden of persuasion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

17.  A party that seeks to file under seal any CONFIDENTIAL MATERIAL must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific protected material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the CONFIDENTIAL MATERIAL  at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

18.  For a period of six months after final disposition of this litigation, this Court will retain jurisdiction to enforce the terms of this order.