*E-FILED: February 28, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORP., | No. C07-05795 HRL |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT 4** |
| v. | |
| MILLENNIUM ELECTRONICS, INC.; ET AL., | **[Re: Dkt. 316]** |
| Defendants. | |

Plaintiff Everflow Technology Corporation ("Everflow") sold and delivered computer fans to defendant Millennium Electronics, Inc. ("MEI"). After MEI allegedly failed to pay for the fans, Everflow sued for breach of contract. Everflow later amended its complaint to include defendants James and Melva Loro, MEI's principals, Nadene Loro Snapp, the chief accounting officer for MEI, Peralta Investment Group, LLC ("Peralta"), Jamel Enterprises, LLC, and a variety of other defendants, alleging that the Loros fraudulently transferred approximately $1.4 million from MEI to themselves personally and to the accounts of the co-defendants, other entities they operate. Everflow also alleges that these other entities are essentially alter egos of the Loros.

Everflow issued a subpoena on non-party Structure Law Group, LLC ("Structure"), to produce documents related to legal work it performed for since-dissolved MEI, Peralta, James Loro, Melva Loro, and Jamel Enterprises, LLC. Specifically, Everflow was interested in the formation of three entities: Peralta, Millennium Advanced Solutions ("MAS"), and Synergy Sales International; a contract for sale of assets entered into by MEI and the Loro Living Trust; five specific promissory

1 notes; UCC statements filed on behalf of MAS; and a specific UCC statement filed on behalf of
2 MEI.  Structure provided a privilege log in response to the subpoena, claiming that the attorney-
3 client privilege and the work product doctrine entitled it to withhold responsive documents.  The
4 privilege log did not list billing records.  When the parties asked the Court to determine whether
5 Everflow was entitled to responsive documents, the Court found that the responsive material was
6 subject to the crime-fraud exception and ordered Structure to produce the material.

7 Structure produced the material identified in its privilege log, which amounted to about 250
8 pages of documents.  Structure did not produce billing records.  In the discovery dispute currently
9 before this court ("Discovery Dispute Joint Report #4[1]"), Everflow asks the Court to order Structure
10 to provide the billing records for the work Structure performed for the defendants named in this
11 case.  Structure argues that the underlying subpoena does not cover billing records, and, in any
12 event, Structure no longer possesses paper or electronic copies of the billing records.  The Court has
13 considered the competing submissions and contentions of the parties and finds no grounds to issue
14 an Order compelling Structure to respond further to the subject subpoena.

15 **IT IS SO ORDERED.**

16 Dated: February 28, 2013

18 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the parties titled their submission "Discovery Dispute Joint Report #3," (Dkt. 316) the parties have previously submitted three different discovery disputes, each titled "Discovery Dispute Joint Report 1" (Dkts. 272, 273, 274).  The Court refers to the latest submission as Discovery Dispute Joint Report #4.

2

**C07-05795 HRL Order will be electronically mailed to:**

David Ray Chamberlin chamberlin.calaw@gmail.com

James Loro j4ldef@yahoo.com

Mark M Fang , Esq MFang@MarkFangAPC.com

Melva Loro j4ldef@yahoo.com

Melva Loro j4ldef@yahoo.com

Richard John La Fleur rlafleur@lafleuryasin.com

**C07-05795 HRL Order will be mailed to:**

Jonathan C. Do
Fusion Law Group, APC
300 S First Street
Suite 320
San Jose, CA 95113

Mark Figueiredo
Structure Law Group, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**