*E-Filed: April 22, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVERFLOW TECHNOLOGY CORPORATION,<br><br>      Plaintiff,<br>  v.<br><br>MILLENIUM ELECTRONICS, INC., ET AL.,<br><br>      Defendants.<br>_____/ | No. C07-05795 HRL<br><br>**ORDER ON OBJECTIONS TO TRIAL EXHIBITS**<br><br>**[Re: Docket Nos. 343, 344]** |

At the Final Pretrial Conference, the Court heard motions in limine and reviewed the parties' exhibit lists. The Court granted Plaintiff's motion to exclude documents requested but not produced in discovery. The Court also ordered the parties to serve upon each other and lodge with the Court copies of all trial exhibits and to file any objections thereto. Plaintiff objected to all but one of Defendants' ten (10) exhibits based on relevance, hearsay, failure to disclose, and/or incompleteness. *See* Dkt. No. 343. Defendants objected to many of Plaintiff's 107 exhibits on grounds of relevance, hearsay, and privileges. *See* Dkt. No. 344.

A. Plaintiff's Objections

Plaintiff asserts that many of Defendants' exhibits or portions thereof, were not produced in discovery despite requests for such documents. Defendants only express a general belief that they were produced at some point. Unless Defendants can actually demonstrate beyond a mere belief that they did produce the documents in question during discovery, the Court will not allow them to

be presented as exhibits at trial. Thus, in accordance with the aforementioned order on Plaintiff's motion in limine, the following exhibits or portions thereof will be excluded: 201, 203, 205, 207, 208 (pages 1-16), 209 (pages 10-12), and 210.[1]

As for the exhibits that were previously disclosed, Plaintiff objects to Exhibits 204 and 206 as hearsay. Exhibit 204 and portions of Exhibit 206 are emails from an employee of Plaintiff and do not constitute hearsay. *See* Fed. R. Evid. 801(2)(D) (opposing party's statement). Whether the remaining portions of Exhibit 206 are subject to the business records exception, as disputed by the parties, will depend on the testimony of a custodian or other qualified witness to show that the requirements of FRE 803(6) are satisfied. Thus, the Court defers its ruling on Plaintiff's hearsay objection to Exhibit 206.

B. Defendants' Objections

Defendants assert that numerous exhibits are subject to attorney-client privilege. However, the Court previously found that attorney-client privilege did not apply to these documents due to the crime-fraud exception. Accordingly, Defendants' objection is overruled.

Defendants also raise objections on relevance grounds and argue that because the alleged fraudulent intent must have formed by the time of the agreement, documents created after are irrelevant to prove intent.[2] Notwithstanding that the documents may be relevant for another purpose, subsequent actions and later created documents can evidence an earlier formed intent. Thus, at this time, the Court declines to exclude the exhibits on that basis alone.

Exhibits 97 through 99 are the federal income tax returns for MEI and the Loros, and Defendants assert the tax privilege recognized by California law. Any privilege applies to their discovery, not their admissibility. If relevant, they may be admitted so long as personal identifiers are redacted.

Exhibit 107 purports to be the entirety of MEI's responses to Plaintiff's first request for production comprising nearly 300 pages. Defendants generally object on relevance and hearsay grounds. While it is doubtful that the each document therein is relevant and not hearsay, the Court

---

[1] Defendants numbered their exhibits 1 through 10. However, the parties had previously agreed that Plaintiff would use exhibits 1 through 199, and Defendants were to start numbering their exhibits at 200. Accordingly, the Court will refer to Defendants' exhibits 1 through 10 as 201 through 210.

[2]

defers ruling on the exhibit's admissibility until the purpose for which Plaintiff seeks to introduce it, or portions thereof, is apparent.

C. Conclusion

Exhibits 201, 203, 205, 207, 208 (pages 1-16), 209 (pages 10-12), and 210 are excluded for failure to disclose, subject to Defendants' ability to demonstrate that the documents were in fact produced in discovery. Plaintiff did not object to Exhibit 202 and its objection to Exhibit 204 is overruled. The Court's ruling on objections to Exhibit 206 is deferred.

Defendants did not object to Exhibits 1-46, 60, 61, 63, 64, 68, 74-83, 85-96, 100-02, 104-06. Defendants' objections based on attorney client privilege (Exhibits 47-53, 55-58, 62, 69-71) and tax return privilege (Exhibits 97-99) are overruled. The Court defers until trial its ruling on Defendants' relevance objections to Exhibits 47-59, 62, 65-67, 69-73, 84, 103, 107, as well as Defendants' hearsay objections to Exhibits 97-99, 103, 107.

**IT IS SO ORDERED.**

Dated: April 22, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **C07-05795 HRL Notice will be electronically mailed to:**

2  David Ray Chamberlin     chamberlin.calaw@gmail.com

3  Jonathan C. Do     jonathando@comcast.net

4  Mark M Fang , Esq     MFang@MarkFangAPC.com

5  Melva Loro     j4ldef@yahoo.com

6  Richard John La Fleur     rlafleur@lafleuryasin.com

7  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**